UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRENT McCLAIN

    Plaintiff,

v.

VERNONIA SCHOOL DISTRICT, a political subdivision of the State of Oregon and public body corporate, and KENNETH COX, an individual,

    Defendants.

Case No. 3:11-cv-00756-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff filed this action against his former employer, Vernonia School District (the District) and Superintendent Kenneth Cox, asserting that he was deprived of property interests without due process of law in violation of the Fourteenth Amendment to the United States Constitution[1]. Both plaintiff and defendants move for summary judgment on this issue. The court held oral argument on June 25, 2012, and then took these motions under advisement. For the following reasons plaintiff's Motion for Partial Summary Judgment is DENIED and defendant's Motion for Partial Summary Judgment is GRANTED in part, and this matter is dismissed with prejudice.

---

[1] Plaintiff voluntarily dismissed his claim against defendant Cox for intentional interference with economic relationship.

-1- OPINION AND ORDER

## STANDARDS

The court is required to grant summary judgment to a moving party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *see Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The moving party must satisfy the initial burden of proof by identifying portions of the record on file that demonstrate the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The burden then shifts to the non-moving party to show through the presentation of probative evidence that there remains an issue of fact to be tried. *Id.*

All reasonable doubt as to the existence of a genuine dispute of fact should be resolved against the moving party. *MetroPCS, Inc. v. City & County of S.F.*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted). However, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence in support of the [non-moving party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). When a case contains "undisputed facts from which different ultimate inferences can be drawn," summary judgment is improper. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

## FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted. The District is a public body

and political subdivision of Oregon. At all relevant times, Kenneth Cox was the District's superintendent. Plaintiff was hired by the District as a probationary administrator on August 14, 2006 and worked as the Vernonia Middle School Principal and District Curriculum Director until June 30, 2009. In January 2009, plaintiff was verbally notified by Cox that his position was being eliminated at the end of the school year due to budget cuts. Plaintiff immediately began applying for other employment as an administrator. On March 4, 2009, Cox sent plaintiff a memo confirming the decision to eliminate plaintiff's position. In the memo, Cox emphasized that the decision to lay plaintiff off was not made as a result of his performance, "but rather as a cost-cutting measure during these difficult times." Defs.' Resp. at Ex. 1. The memo also contained the text of Oregon Revised Statute (ORS) 342.934, which sets out the procedure for reduction of teacher staff due to budget cuts, an employee's right of recall, and the procedure for challenging the District's decision. *Id.* Plaintiff did not appeal the District's decision.

Plaintiff's final day of employment with the District was June 30, 2009. On July 1, 2009, the District created a 0.25 time position called the Teacher on Special Assignment (TOSA) to take over some of the administrative duties formerly held by plaintiff, as well as some duties supervising the special education program. The TOSA position for the 2009-2010 school year was given to James Brookins, a contract teacher within the District who had no prior administrative or special education experience. While in the TOSA position, Brookins spent over half of his time on administrative duties during the 2009-2010 school year and was later classified as an administrator for pay scale purposes. Cox testified that he did not consider plaintiff for the TOSA position because it would have resulted in laying off another teacher. No other individuals were hired to fill plaintiff's administrator position or Brookins's teaching position for the 2009-2010 school year.

-3- OPINION AND ORDER

During the 2008-2009 school year, the District paid the Northwest Regional Education Service District (ESD) for a 0.5 administrative position for special education supervisor services. The District reduced that position to 0.25 for the 2009-2010 school year because Brookins had taken the other 0.25 as part of his TOSA role. The District eliminated its contract with ESD for the 2010-2011 and 2011-2012 school years. It instead created a part-time special education administrator position to take over the special education supervisor duties. Brookins was given the contract for the part-time administrator position. Plaintiff did not learn about the creation of the administrator position until March 2011. Cox testified that the administrator position was a change of title, and that the District had not received additional funding to create a new job.

The parties dispute whether plaintiff was considered for the part-time administrator position. Cox testified in his deposition that he did not believe plaintiff qualified for the position because it was a special education position, not a curriculum director position, and that Brookins had more experience in special education administration as a result of his year as the TOSA. Plaintiff contends that he was not made aware of the TOSA opening or the part-time administrator position, and was never considered for either position. He also argues that Cox did not consider allowing plaintiff to take the position of a probationary teacher. The parties agree that there likely were probationary teachers working for the District at the time plaintiff was laid-off. Both parties acknowledge that plaintiff would have received a three-year contract beginning July 1, 2009 if he had not been laid-off.

Following his lay-off, plaintiff was employed as a math teacher in the Jewell School District from November 2, 2009 until August 2010. He started working in his current position as a teacher for the Rainier School District on September 1, 2010. He has continued to apply for administrative positions since his lay-off.

-4- OPINION AND ORDER

## DISCUSSION

    1.    **Statute of Limitations**

Defendants argue that plaintiff's claims pertaining to his lay-off in 2009 are barred by Oregon's two-year statute of limitations. Although state law governs the limitations period for a claim under the Civil Rights Act, federal law determines when the claim accrues. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under federal law, a Civil Rights Act claim accrues "when the plaintiff knows or has reason to know of the injury." *Id.*

In Oregon, a plaintiff has two years to file his or her Civil Rights Act claim. ORS 12.110; *Kosikowski v. Bourne*, 659 F.2d 105, 108 (9th Cir. 1981)(Personal injury claims under the Civil Rights Act borrow the forum state's statute of limitations). Defendants contend that plaintiff was given written confirmation of his lay-off on March 4, 2009 and he had two years from that date to file his Complaint. Under this theory, plaintiff's filing on June 22, 2011 would have been two months past the statute of limitations period. Plaintiff, however, argues that his claims did not accrue until after June 30, 2009.

Plaintiff is not alleging injury based on his initial lay-off. Rather, plaintiff's claims focus on the District's failure to transfer plaintiff into the TOSA position in July 2009 and the District's refusal to honor his right of recall when it created the administrator position for the 2010-2011 school year. The decisions that gave rise to plaintiff's alleged injuries did not take place until after June 30, 2009. Cox also admits that plaintiff would not have known about the TOSA position that was created on July 1, 2009, nor would plaintiff have been aware of the creation of a new administrator position in the spring of 2010. Cox Dep. 56-57. There is no evidence that plaintiff knew or had reason to know about his alleged injuries when he was first notified of his lay-off in January 2009 and again in March 2009. This court finds that the statute of limitations

began to run on June 30, 2009. Therefore, plaintiff's claims are timely and defendants' motion for summary judgment on this issue is denied.

### 2.     Exhaustion of Administrative Remedies

Defendants contend that plaintiff failed to exhaust his administrative remedies as required by ORS 342.934. Defendants further argue that plaintiff's claims are now beyond the sixty-day administrative appeals time limitation and are thus barred. Under Oregon statutory law, an "appeal from a decision on reductions in staff or recall . . . shall be by arbitration under the rules of the Employment Relations Board or by a procedure mutually agreed upon" by the parties. ORS 342.934(7). Such appeals must be "initiated by a written request for arbitration which shall be filed with the Board not later than 60 days from the occurrence which is being appealed." Or. Admin. R. 115-085-0000 (2011). Plaintiff argues that he had no obligation to exhaust the administrative remedies before bringing his action for violation of his civil rights.

Exhaustion of state administrative remedies is generally not required when a party is bringing a claim under the Civil Rights Act. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). Similarly, the Oregon Supreme Court has held that state administrative remedies need not be exhausted before an employee may bring a Civil Rights Act claim against a school district. *Maddox v. Clackamas County Sch. Dist. No. 25*, 643 P.2d 1253, 1257 (Or. 1982). However, where an adequate administrative procedure exists and a party has decided to forgo its use, that party cannot then claim denial of procedural rights. *Bignall v. N. Idaho Coll.*, 538 F.2d 243, 247 (9th Cir. 1976). An administrative procedure is adequate if it "present[s] appellants with a fair opportunity to be heard and a realistic expectation that resort to the proceedings may forestall the threatened action which is alleged to be a deprivation of their constitutional rights." *Toney v. Reagan*, 467 F.2d 953, 958 (9th Cir. 1972) (citation omitted).

-6- OPINION AND ORDER

Here, the alleged deprivation of plaintiff's Fourteenth Amendment rights occurred prior to plaintiff's ability to appeal pursuant to ORS 342.934(7). Plaintiff was not notified of the creation of the TOSA position or the administrator position and only learned of his alleged injuries after the positions had already been filled. Thus, plaintiff would not have had any ability to "forestall the threatened action" by appealing the decisions. This court finds that plaintiff was not required to exhaust the administrative procedures outlined in ORS 342.934(7) before seeking judicial review of his claims. Defendants' motion for summary judgment on this issue is denied.

3. **Plaintiff's Due Process Rights**

Plaintiff claims that he was deprived of a protected property interest in his employment with the District without due process of law. Defendants contend that plaintiff was a probationary employee and thus did not have a legitimate claim of entitlement that afforded him a property interest in his position with the District. Defendants further assert that plaintiff received all the due process to which he was entitled.

Courts have established that the Fourteenth Amendment's procedural protection of property applies only to those interests to which a person has a legitimate claim of entitlement. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972). In the area of public employment, school faculty and staff members have a protected interest in continued employment as specified in their contracts. *Id.* at 576-577 (citing *Wieman v. Updegraff*, 344 U.S. 183 (1952)). In the absence of a formal contract, school faculty and staff have a protected property interest only in a clearly implied promise of continued employment. *Id.* at 577 (citing *Connell v. Higginbotham*, 403 U.S. 207 (1971)). The employee must also have a legitimate expectation of continued employment, not just an abstract need or desire for it. *Id.* The court in *Roth* specified that a legitimate claim of entitlement under the Fourteenth Amendment arises if it

-7- OPINION AND ORDER

is created by "existing rules or understandings that stem from an independent source such as state law." *Id.*

Oregon law outlines the process through which a probationary school district employee may obtain "contract employee" status and thus receive the interests and benefits of a contract employee. A "contract teacher" is defined as "any teacher who has been regularly employed by a school district for a probationary period of three successive school years, and who has been retained for the next succeeding school year." ORS 342.815(3).[2] An administrator is defined as "any teacher the majority of whose employed time is devoted to service as a supervisor, principal, vice principal, or director of a department." ORS 342.815(1). A school district administrator must be placed on probation for a period not exceeding three years. ORS 342.845(5)(a)-(c). If he or she successfully finishes the probationary period and the district has no good-faith reason for non-renewal of the contract, the administrator "shall be employed by the district pursuant to a three-year employment contract." *Id.* In order to establish his Fourteenth Amendment claim, plaintiff must show that he had a legitimate property interest in continued employment with the District, and that he was deprived of that property interest without due process of law. *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008).

### A.    Plaintiff's Employment Status

Plaintiff argues that the phrase "shall be employed" in ORS 342.845(a) requires that once the probationary period is successfully completed, the employee is automatically given the rights and benefits of a contract employee. Defendants contend that contract rights and interests are only conferred upon the renewal of the employee's contract, not upon the completion of the

---

[2]Statutory regulations regarding probationary or contract teachers are also applicable to probationary or contract administrators, unless otherwise stipulated. ORS 342.815(1); ORS 342.815(9); Cox Dep. 16.

-8- OPINION AND ORDER

probationary period. Defendants claim that, because plaintiff's contract was not extended, plaintiff was never entitled to the subsequent benefits and rights of a contract employee. The issue is, therefore, how plaintiff's status as a district employee should be classified.

If an employee is classified as "probationary" he or she may be released by the district board for any good faith reason at any time. ORS 342.835. Conversely, if an employee is classified as "contract" he or she can only be dismissed for "good cause," and the statutory procedure for dismissal requires the recommendation of the superintendent, a "clear and concise" statement of facts relied on, and the approval of the school board. *Papadopoulos v. Or. State Bd. of Higher Educ.*, 511 P.2d 854, 867 (Or. Ct. App. 1973); ORS 342.895(2),(3)(a).

In *Smith v. Salem-Keizer School District*, 71 P.3d 139 (Or. Ct. App. 2003), the plaintiff, a public school teacher, was dismissed five days before completing his third year as a probationary employee. *Id.* at 239. The court found that because the plaintiff had completed a sufficient portion of the school year and had been retained for a fourth and fifth year, the plaintiff was entitled to the interests and rights of a contract employee. *Id.* at 244. Here, plaintiff was permitted to finish his third year as a probationary employee, but was not given a formal renewal of his contract. Plaintiff was also informed in January 2009, and again in March 2009, that his position was being eliminated for the 2009-2010 school year. To claim the same property interest as a contract employee, plaintiff needed either a renewal of his contract or a clearly implied promise of continued employment in the succeeding school year. Because plaintiff had neither, he would not have been considered a "contract employee" at the conclusion of the 2008-2009 school year. Therefore, this court finds that plaintiff is entitled only to the rights and interests of a probationary employee.

-9- OPINION AND ORDER

B.  **Plaintiff's Property Rights as a Probationary Employee**

While plaintiff maintains that he should be considered a contract employee, he also argues that even a probationary administrator position involves a constitutionally protected property interest. This court finds plaintiff's cited case law to be inapplicable to the present facts, and thus finds plaintiff's argument unconvincing.

Plaintiff cites both *Vanelli v. Reynolds School Dist. No. 7*, 667 F.2d 773 (9th Cir. 1982) and *Matthews v. Harney School Dist.*, 819 F.2d 889 (9th Cir. 1987), as supporting his property interest in a probationary administrator position. In *Vanelli*, the plaintiff was a high school probationary teacher dismissed without a pre-termination hearing in the middle of his one year contract with the defendant. 667 F.2d at 776. The court in *Vanelli* stated that "an employee dismissed during the term of a one-year contract and in the breach of its provisions has a legitimate claim of entitlement and a property interest in continued employment." *Id.* at 777. The court specified, however, that the holding of the case was applicable to cases involving a "midyear dismissal" and not the "nonrenewal of a contract." *Id.*

The facts of *Matthews* also involved the mid-year dismissal of a teacher on a one-year probationary contract. 819 F.2d at 890. The court in *Matthews* specially stated, "a mid-year dismissal of a probationary teacher under applicable Oregon law implicates a property interest protectible under the due process clause." *Id.* at 891 (citing *Vanelli*, 667 F.2d 773). Here, plaintiff is claiming a property interest in continued employment after the nonrenewal of a contract, he is not claiming deprivation of a property interest due to a mid-year dismissal. Thus, the holding of the court in *Vanelli* or *Matthews* cannot be used to support plaintiff's claim.

C.  **Plaintiff's Right to Transfer**

The basis of plaintiff's claims rest heavily on the language of ORS 342.934, the Oregon

-10- OPINION AND ORDER

statute detailing the procedure for reduction of teaching staff due to budgetary issues. Plaintiff argues that the statute allowed him to maintain his "status and seniority as a contract teacher" and required the District to "make every reasonable effort" to transfer him into an available teaching position for the 2009-2010 school year. ORS 342.934(2)(a), (5). Plaintiff contends that the District's failure to transfer him into a probationary teaching position and award him with the TOSA duties deprived him of a property interest in employment. This court does not find plaintiff's reading of the statute to be accurate.

The first section of the statute says specifically, "nothing in this section is intended to interfere with the right of a fair dismissal district to discharge, remove, or fail to renew the contract of a probationary teacher pursuant to ORS 342.835." A probationary teacher may be dismissed at any time during the probationary period for "any cause considered in good faith sufficient by the board." ORS 342.835(1). Non-renewal of a probationary contract for purposes of fiscal restrictions is considered a "good faith" reason. *See* ORS 342.934. Oregon case law further dictates that, in the absence of a contract conferring additional benefits or interests, a probationary teacher does not have property rights in continued employment. *Maddox v. Clackamas County School Dist. No. 25*, 626 P.2d 924, 926 (Or. Ct. App. 1981); *Papadopoulous*, 511 P.2d at 867-868.

This court has determined that plaintiff must be classified as a probationary employee for purposes of this lawsuit. Thus, under ORS 342.934(1), since the District chose not to renew the plaintiff's contract for a good faith reason, there was no subsequent obligation to transfer plaintiff into a teaching position under ORS 342.934(5). Absent such an obligation, plaintiff cannot claim a deprivation of property interest in a teacher assignment upon layoff. Accordingly, plaintiff's request for summary judgment on the issue is denied and defendant's motion is granted.

-11- OPINION AND ORDER

### D.    Plaintiff's Right to Recall

Plaintiff similarly relies on the text of ORS 342.934(6) in his claim that defendants violated his right of recall by giving the administrator position for the 2010-2011 school year to Brookins. Plaintiff maintains that the statute applies to both contract and probationary employees, and confers upon him the right of recall for twenty-seven months after his release from the school district. Defendants contend that there was not an additional job created within the district, rather the position was the result of a change in title for the position already filled by Brookins. Additionally, Cox stated in his deposition that he thought the administrator job was different from the one previously filled by plaintiff and that plaintiff did not qualify for it. Cox Dep. 33.

ORS 342.934(6) states that "each district shall establish a procedure for recalling teachers to employment within the district" and each "teacher shall have the right of recall thereunder for 27 months after the last date of release by the district." This section would initially appear to be referring only to the rights of a contract employee because ORS 342.934(1) provides that nothing within the statute should affect the District's handling of probationary employees. However, the statute also provides that "[a] contract teacher who is recalled shall retain the status obtained before the release. A probationary teacher who is recalled shall have years taught for the district counted as if the employment had been continuous for purposes of obtaining contract teacher status." ORS 342.934(6)

This court finds that the discrepancy between ORS 342.934(1) and ORS 342.934(6) should be interpreted as leaving the District with the power, but not the duty, to recall a probationary employee. A contract employee has a statutory right of recall, and must be considered for or given vacant positions for which he or she is qualified. In contrast, a

-12- OPINION AND ORDER

probationary employee may be recalled for employment, but he or she has no entitlement to positions that become available when there are contract employees that may also fill those positions. Had plaintiff received an extension of his contract for the 2009-2010 school year prior to being laid-off, he would have had a statutory right of recall and the District would have been required to at least consider him for the administrator position for the 2010-2011 school year. Plaintiff did not, however, receive any contract for the 2009-2010 school year and was terminated as a probationary employee. Therefore, the District was under no obligation to honor plaintiff's alleged right of recall and plaintiff's request for summary judgment on the issue must be denied.

## CONCLUSION

For the reasons provided, plaintiff's Motion for Partial Summary Judgment [13] is DENIED. Defendants' Motion for Partial Summary Judgment [21] is GRANTED in part, and this matter is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 2 day of July, 2012.

_____
Ancer L. Haggerty
United States District Judge